# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-489V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * *<br>SONJA PEARSON,<br><br>               Petitioner,<br><br>       v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent.<br>* * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran<br><br>Filed: October 29, 2019<br><br><br>Attorney's Fees and Costs;<br>Non-Admitted Counsel. |

*Steven H. Jesser*, Steven H. Jesser Attorney at Law, P.C., Glenview, IL, for Petitioner.

*Adriana Teitel*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On April 6, 2017, Sonja Pearson filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she suffered an allergic reaction after receipt of the influenza ("flu") vaccine on December 19, 2014. ECF No. 1.

Following the submission of several medical records, I ordered Petitioner to file an expert report in support of her claim. Order, filed Feb. 21, 2018. On August 6, 2018, however, Petitioner submitted a status report indicating that she would not be engaging an expert in the case. Status Report, filed Aug. 6, 2018 (ECF No. 21). Additionally, she requested I resolve this case on the record.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

*Id.* To that end, the parties submitted briefs in support of their respective positions in the fall of 2018. *See generally* Prehearing Submissions, filed Oct. 14, 2018 (ECF No. 22); Resp. to Prehearing Submissions, filed Nov. 9, 2018 (ECF No. 23). I subsequently dismissed Petitioner's claim in a Decision dated February 7, 2019. ECF No. 24 ("Decision"). Petitioner did not seek review of dismissal.

Petitioner has now filed an application for a final award of attorney's fees and costs incurred in connection with this case. Mot. for Atty's Fees & Costs, filed Aug. 12, 2019 (ECF No. 30) ("Fees App."). She requested a total award of $22,185.00, reflecting attorney's fees in the amount of $2,450.00 for work completed by solo practitioner, Steven Jesser, Esq., plus $19,735.00 for work completed by Neal Gainsberg, Esq., Nicholas Kreitman, Esq., and Nathan Smith, a paralegal, of Gainsberg Law, P.C. *Id.* at 4–5; Fees App. Ex. A; Fees App. Ex. F. Respondent offered no objection to Petitioner's request for an award of fees to Mr. Jesser, but objected to such an award for work completed by attorneys at Gainsberg Law, P.C. Respondent's Response to Amended Motion for Attorney's Fees and Costs ("Fees Response"), filed Sept. 9, 2019 (ECF No. 31) at 3–4. Respondent also indicated that neither Mr. Gainsberg nor Mr. Kreitman are admitted to the United States Court of Federal Claims ("USCFC"), and are therefore not entitled to any fees for work performed in this case under Vaccine Rules 14(a)(1) and 14(b)(1). *Id.* at 4. In addition, Mr. Gainsberg's and Mr. Kreitman's involvement in the case was not disclosed until October 14, 2018. *Id.*

On September 9, 2019, Petitioner filed her reply in response to Respondent's opposition, arguing that such a strict interpretation of Vaccine Rules 14(a)(1) and 14(b)(1) would drastically reduce access to competent legal representation within the Program. Reply to Government's Response ("Fees Reply"), filed Sept. 9, 2019 (ECF No. 32) at 5–6. She also maintained that, at a minimum, Mr. Gainsberg and Mr. Kreitman should be awarded fees for the work performed by Gainsberg Law, P.C. *prior* to Mr. Jesser's involvement and the filing of the Petition. *Id.* at 3 (citing *Avila v. Sec'y of Health and Human Servs.*, No. 14-605V, 2016 WL 6995372 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). Shortly thereafter, Respondent filed a sur-reply in which he reiterated his opposition to compensation for attorneys not admitted to the USCFC. Sur-reply, filed Sept. 13, 2019 (ECF. No. 33).

Ms. Pearson's application for fees and costs is now ripe for decision. As set forth in greater detail herein, it is my reasoned decision that Petitioner is entitled to *some* of her attorney's fees request, but her award is subject to reductions for the work done by Mr. Gainsberg and Mr. Kreitman due to their not being admitted to the USCFC.

## ANALYSIS

I.   Principles Governing Attorney's Fees and Costs Award Eligibility

In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the USCFC, and thus a non-admitted attorney cannot recover attorney's fees. *Underwood*

2

*v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see also* Vaccine Rule 14(a)(1). Attorneys who *refer* cases to practitioners in the Vaccine Program, however, are eligible to receive fees for work that contributed to the litigation of a petitioner's claim. *See Avila*, 2016 WL 6995372, at *2 (citing *Barrett v. Sec'y of Health & Human Servs.*, No. 09-389V, 2014 WL 2505689 (Fed. Cl. Spec. Mstr. May 13, 2014) (awarding fees to an attorney whose work on petitioner's claim predated the filing of the petition)). The amount of fees awarded to a referring attorney is determined using the same method and standards used to award fees to practitioners in the Vaccine Program. *Avila*, 2016 WL 6995372, at *2.

In instances where an attorney's involvement extends beyond the filing of the petition despite their not being admitted to the USCFC, other special masters have found it appropriate to award fees, but only at a rate consistent with a non-attorney, supportive role akin to a paralegal.[3] *See Mackey v. Sec'y of Health & Human Servs.*, No. 16-1289V, 2018 WL 3596801, at *5–6 (Fed. Cl. Spec. Mstr. May 10, 2018) (declining to compensate a non-admitted attorney at an attorney rate, but instead awarding fees for non-attorney-level work for work performed in a supportive role); *Razka v. Sec'y of Health & Human Servs.*, No. 14-1224V, 2017 WL 3165479, at *3 (Fed. Cl. Spec. Mstr. June 30, 2017) (citation omitted) (distinguishing rates of compensation available to admitted and non-admitted attorneys practicing in the Vaccine Program).

## II.     Demonstrating Reasonable Basis for Unsuccessful Claims

Even unsuccessful Program claims can merit a fees and costs award—but to establish grounds for fees in such a case, the petitioner must demonstrate the claim's "reasonable basis" through some *objective* evidentiary showing and in light of the "totality of the circumstances," including all facts relevant to the to the case, as well as the evidence actually supporting the claim itself. *See Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis"[4] sufficient for a fees award. *See, e.g., Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4–5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5–6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015).

The Court of Federal Claims recently provided further illumination as to the standards that should be used to evaluate whether the totality of the circumstances warrant a finding that reasonable

---

[3] This approach has similarly been applied to the *Laffey* Matrix by the District Court of the District of Columbia in instances where attorneys not admitted to the D.C. Bar litigated claims brought under the Individuals with Disabilities Education Act. *See Yodie v. D.C. Public Schools et al.*, 823 F. Supp. 2d 1, 11–12 (D.D.C. 2011); *Irving v. D.C. Public Schools et al.*, 815 F. Supp. 2d 119, 132–33 (D.D.C. 2011).

[4] Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith).

basis existed. *Cottingham v. Sec'y of Health & Human Servs.*, 134 Fed. Cl. 567, 578 (2017), *appeal docketed*, No. 19-1596 (Fed. Cir. Feb. 26, 2019). As Judge Williams therein stated, a special master should consider "the novelty of the vaccine, scientific understanding of the vaccine and its potential consequences, the availability of experts and medical literature, and the time frame counsel has to investigate and prepare the claim."[5] *Id.* at 574.

At bottom, reasonable basis is something *less* than sufficient proof to meet the preponderance evidentiary burden, consistent with the concept that even where a Petitioner is found not to have established their claim by a preponderance, they may nevertheless be able to muster sufficient objective proof to demonstrate reasonable basis. *Braun v. Sec'y of Health & Human Servs.*, No. 17-1571V, 2019 WL 3228040, at *4 (Fed. Cl. June 19, 2019) (explaining that reasonable basis standard is "less exacting than the preponderance of the evidence stand and thus, is easier to satisfy").

### III. Calculation of Fees Award

Here, I find that Petitioner's claim possessed reasonable basis. Although the claim's weaknesses were rendered insurmountable without expert testimony to support the allegation that the flu vaccine caused Petitioner's injury, I have previously found reasonable basis for similar kinds of claims. *See e.g.*, *Morris v. Sec'y of Health & Human Servs.*, No. 13-601V, 2017 WL 5382881, at *1 (Fed. Cl. Spec. Mstr. Oct. 10, 2017) (awarding attorney's fees despite petitioner's failure to prove a causal relationship between receipt of the Hepatitis B vaccine and subsequent itching and vitiligo). Additionally, Petitioner's medical record provided support for the contention that she experienced an acute adverse reaction following receipt of the flu vaccine, though the record contained little to support sequelae beyond a few hours post-vaccination. *See* Decision at 2–3. Thus, Petitioner is entitled to an award of reasonable attorney's fees and costs, despite her inability to prevail.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

---

[5] The existence of an impending statute of limitations deadline, however, has been removed from consideration under the "totality of the circumstances" analysis, as it does not constitute an objective factor relevant to the claim's underlying validity. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017).

*McCulloch* established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### A. Hourly Rates for Mr. Jesser

Mr. Jesser was the only attorney to formally appear on Petitioner's behalf. Petitioner asks that Mr. Jesser be awarded $2,450.00 for work performed between April 2017 (the time of the claim's filing) and February 2019. Fees App. at 5; Fees App. Exhibit F. Respondent has not opposed the fees sought for work performed by Mr. Jesser and has deferred to my judgment in determining whether the statutory requirements for an award of attorney's fees has been satisfied and whether the amount sought as it relates to Mr. Jesser is appropriate. Fees Response, at 3.

Mr. Jesser has over forty years of experience practicing law in Chicago, Illinois. Petitioner, however, has requested Mr. Jesser be compensated at a rate of $350/hour for the work performed in this case. I find this rate to be reasonable and an accurate reflection of Mr. Jesser's overall experience but limited experience in the Vaccine Program. Fees App. at 5. Thus, I find that Mr. Jesser is entitled to the full award of $2,450.00.

### B. Hourly Rates for Mr. Gainsberg, Mr. Kreitman, and Mr. Smith

Petitioner requests a fee award nearly *ten times larger* than what is sought on behalf of Mr. Jesser (in the total amount of $19,735.00) for work performed by Mr. Gainsberg (hourly rate of $350/hour) and Mr. Kreitman (hourly rate of $250/hour) as well as paralegal services provided by Mr. Smith (hourly rate of $50/hour). *Id.* 4–5. Respondent, however, opposes awarding *any* attorney's fees for the work performed by Gainsberg Law, P.C. because neither Mr. Gainsberg or Mr. Kreitman are admitted to practice in the USCFC. Fees Response, at 4; *see also* Vaccine Rule 14(a)(1).

While Respondent is technically correct that non-admitted attorneys are not entitled to an award of attorney's fees, I do not find a complete disallowance appropriate under the circumstances. Rather, a full award of fees for the work performed by Mr. Gainsberg, Mr. Kreitman, and Mr. Smith *prior* to the filing of the Petition on April 6, 2017 is appropriate, for the reasons outlined in *Avila*. *See Avila*, 2016 WL 6995372, at *2. However, the work performed by Gainsberg Law, P.C. *after* Mr. Jesser became involved was done to support Mr. Jesser's primary prosecution of the case, and should therefore be compensated at a rate compatible solely with the supportive, indirect function they served as non-admitted attorneys. *See Mackey*, 2018 WL 3596801, at *5–6; *Razka*, 2017 WL 3165479, at *3.

The next issue to resolve is the appropriate rates to be awarded. Mr. Gainsberg has been licensed to practice law since 1996 and "has extensive experience in insurance matters and other civil litigation," but is not admitted to practice in the USCFC and has not previously participated in the Vaccine Program. Fees App. at 3–4. I find that an hourly rate of $350 for work performed between

January 5, 2016 and April 5, 2017 (the time period prior to the claim's filing) appropriate.[6] For the supportive work performed *after* the claim's filing, the applicable hourly rate is limited to what non-admitted personnel (paralegals) receive under the Office of Special Masters' Hourly Rate Fee Schedules—*i.e.*, $148/hour for 2017, $153/hour for 2018, and $156/hour for 2019.[7] Thus, I will award Mr. Gainsberg a total award of $5,435.30 for the sum of his contributions to the resolution of this matter.

Mr. Kreitman has been licensed to practice law since 2013, and states that he "has worked on dozens of cases involving medical malpractice, personal injury, and insurance disputes." Fees App. Ex. C at 2. Like Mr. Gainsberg, however, Mr. Kreitman is not admitted to practice before the USCFC and has no prior experience in the Vaccine Program. *Id.* Petitioner has requested that Mr. Kreitman be compensated at an hourly rate of $250/hour. Fees App. at 4.

While I find Mr. Kreitman is entitled to compensation at an attorney rate for work performed prior to April 6, 2017, I do not find the proposed rate of $250/hour appropriate. For an attorney with 3–4 years of experience, the 2016 and 2017 Hourly Rate Fee Schedules prescribe hourly rates of $200 and $230 respectively.[8] Therefore, I will award Mr. Kreitman attorney's fees at the hourly rates of $200 and $230 for work performed prior to April 6, 2017. And as with Mr. Gainsberg, I find that Mr. Kreitman is also entitled to compensation for work performed *after* Mr. Jesser became involved in the case, but only at a rate compatible with his supportive role rather that that of an attorney—*i.e.*, $148/hour for 2017, $153/hour for 2018, and $156/hour for 2019.[9] Thus, I will award Mr. Kreitman a total award of $7,148.90 for the sum of his contributions to this matter.

Lastly, Petitioner requests Mr. Smith, a paralegal, be compensated at a rate of $50/hour for administrative services. Fees App. at 4. I deem that rate appropriate and award paralegal fees in full—a total amount of $315.

---

[6] Fee schedules are posted on this Court's website. *See Office of Special Masters*, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, https://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited Oct. 28, 2019); *Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2017*, https://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf (last visited Oct. 28, 2019).

[7] *See Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2017*, *supra* at n.7; *Office of Special Masters*, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf (last visited Oct. 28, 2019); *See Office of Special Masters*, *Attorneys' Forum Hourly Rate Fee Schedule: 2019*, https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf (last visited Oct. 28, 2019).

[8] *See Office of Special Masters*, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, *supra* at n.7; *Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2017*, *supra* at n.7.

[9] *See Office of Special Masters*, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, *supra* at n.7; *Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2018*, *supra* at n.8; *Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2019*, *supra* at n.8.

## CONCLUSION

|  | **Requested Amount** | **Amount Awarded** | **Difference** |
|---|---|---|---|
| **Steven Jesser, Esq.** | $2,450.00 | $2,450.00 | $0.00 |
| **Neal Gainsberg, Esq.** | $8,995.00 | $5,435.30 | $3,559.70 |
| **Nicholas Kreitman, Esq.** | $10,425.00 | $7,148.90 | $3,276.10 |
| **Nathan Smith** | $315.00 | $315.00 | $0.00 |

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fees and costs awards, and based on the foregoing, I **GRANT IN PART AND DENY IN PART** Petitioner's Motion for Attorney's Fees and Costs, awarding **$2,450.00** in fees and costs in the form of a check payable to Petitioner's counsel, Mr. Steven H. Jesser, Esq., and **$12,899.20** in fees and costs in the form of a check payable to Gainsberg Law, P.C. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[10]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.